IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINA F. BROYLES                                                                    PLAINTIFF

vs.                                              Civil No. 3:22-cv-03047

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Christina F. Broyles ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy

L. Brooks referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff filed her disability application on September 18, 2018. (Tr. 30).[1]  In her application,

Plaintiff alleges being disabled due to osteoarthritis; rheumatoid arthritis; fibromyalgia; abdominal

mass/cancer ovarian stage not known yet; Reyes syndrome survivor; degenerative disc disease;

spondylosis; neurological disorders; chronic fatigue, exhaustion, malaise; post-traumatic stress

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr." and refer to the document
filed at ECF No. 13.   These references are to the page number of the transcript itself not the ECF
page number.

disorder (PTSD); schizophrenia; and bipolar disorder. (Tr. 137, 330). Plaintiff alleged an onset date of October 12, 2017. (Tr. 30). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 191-270). This hearing was held on July 12, 2021. (Tr. 82-119). At this hearing, Plaintiff was present, and represented by Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE"), Debra Steele testified at the hearing. *Id.*

Following the administrative hearing, on September 23, 2021, the ALJ entered an unfavorable decision. (Tr. 30-44). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since September 18, 2018. (Tr. 33, Finding 1). The ALJ also determined Plaintiff had severe impairments of fibromyalgia; undifferentiated connective tissue disease; osteoarthritis; degenerative changes and compression fracture of thoracolumbar spine; degenerative disc disease; spondylosis; chronic obstructive pulmonary disease with interstitial lung disease; centrilobular emphysema; paroxysmal supraventricular tachycardia; sinus tachycardia; obesity; hypertension; chronic pain syndrome; hypersomnia; bipolar disorder; depression; anxiety; borderline personality disorder; and post-traumatic stress disorder. (Tr. 33, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 34, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 37-42). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work except can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel,

2

crouch, and crawl; must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, and poor ventilation; and must avoid concentrated exposure to hazards including no work at unprotected heights, no work around dangerous unprotected moving machinery, and no driving as part of work; can perform work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and where the supervision required is simple, direct, and concrete. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 42, Finding 5). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 43-44, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) counter clerk with approximately 91,430 jobs in the nation, (2) office helper with approximately 141,295 jobs in the nation, and (3) work ticket distributor with approximately 9,645 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled since September 18, 2018. (Tr. 44, Finding 10).

On September 7, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 19, 21. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or

her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record.  ECF No. 19.  The ALJ determined Plaintiff retained the RFC to perform light work with several physical and mental impairments.  (Tr. 37, Finding 4).  Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 19, Pgs. 8-9.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox,* 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

2001).    Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court finds Plaintiff has not demonstrated having any greater limitations than those found by the ALJ.    The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter.  The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible.  (Tr. 37-42).  The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision.  *Id*.  The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC.  *Id.*

Substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 20th day of June 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE